Barney, J.,
delivered the opinion of the court:
The petition in this case sets up substantially the same kind of a claim as the one involved in the Heinszen case (42 C. Cls., 58; 206 U. S., 370), with this difference, a part of the duties alleged to have been illegally collected were upon goods imported from Spain. Reference is therefore made to the statement of the case as it appears in the opinion therein rendered.
The. clefendants have demurred to this petition, and the questions raised by such demurrer are before us for decision. There wbuld be no question that the demurrer should be sustained upon the authority of the Heinszen case, supra, were it not for the fact that the petition in this case avers that a part of the goods upon which illegal duties were collected came from Spain, as above stated.
It is contended by the claimants that this fact distinguishes this case from the Heinszen case, for the reason that the fourth article of the treaty of peace between the United States and Spain, ratifications of which were exchanged on April 11, 1899 (30 Stat. L.., 1754), provides as follows:
“ The United States will, for the term of ten years from date of the exchange of the ratifications of the present treaty, admit Spanish ships and merchandise to the ports of the Philippine Islands upon the same terms as ships and merchandise of the United States.”
It is contended that this provision of the treaty gave goods imported from Spain a different status from those imported from the United States, as in the Heinszen case, and an in *204 genious ar.gum.ent was made to convince us that the opinion of the Supreme Court in that case justifies that claim. The following quotation from the opinion (p. 382) is chiefly relied upon :
“ That where an agent, without precedent authority, has exercised in the name of a principal a power which the principal had the capacity to bestow, the principal may ratify and affirm the unauthorized act, and thus retroactively give it validity when rights of third persons have not intervened, is so elementary as to need but statement.”
We do not see how the rights of third parties have intervened in this case at bar any more than in the Heinszen case. The parties interested in both cases were importers of merchandise into the Philippine Islands, and in both cases were foreigners both to the United States and to Spain. If we look to the character of the merchandise imported, the one being of American and the other Spanish manufacture, we can not see why a citizen of Spain should have a,preference over a citizen of the United States, for the treaty only provided that each, in the mater of importation to the Philippine Islands, should be entitled to the same terms.
It is a significant fact, as appears from the petition in this case, that the claimants were importers into the Philippine Islands of merchandise of both American and Spanish manufacture, and they have asked for the repayment to them of the duties paid upon both classes of merchandise. How can their rights as to one class of merchandise be better than their rights as to the other ? It is argued that the claimants’ rights as to the importation of merchandise from Spain to the Philippine Islands were given them by law, and by the highest form of law — a treaty between two foreign powers. True, but is a right given by law to a foreigner any stronger or more sacred than a right given by both law and birthright to an American citizen ? We can see no distinction between the two cases, and under the authority of the Heinszen case the demurrer is sustained and the petition is dismissed.